| **HCDistrictclerk.com** | TORRES, GAUDENCIO vs. ALLSTATE FIRE & CASUALTY INSURANCE COMPANY | 5/13/2020 |
| --- | --- | --- |

Cause: 202021003          CDI: 7          Court: 189

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
| --- | --- | --- | --- |
| **File Date** | 4/2/2020 | **Court** | 189th |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 12) HOUSTON, TX 77002 Phone:7133686300 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | SWORN ACCOUNT | **JudgeName** | SCOT DOLLINGER |
| **Next/Last Setting Date** | N/A | **Court Type** | Civil |
| **Jury Fee Paid Date** | N/A | | |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
| --- | --- | --- | --- |
| TORRES, GAUDENCIO | PLAINTIFF - CIVIL | | PENA, LUPE ELENO |
| ALLSTATE FIRE & CASUALTY INSURANCE COMPANY | DEFENDANT - CIVIL | | SIMON, JAY SCOTT |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY (LIBERTY) (A FOREIGN | REGISTERED AGENT | | |

## EXHIBIT B

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 5/8/2020 | ANSWER ORIGINAL PETITION | | | 0 | | SHADID, DAMON GEORGE | ALLSTATE FIRE & CASUALTY INSURANCE COMPANY |
| 4/3/2020 | FIRST AMENDED ORIGINAL PETITION | | | 0 | | PENA, LUPE ELENO | TORRES, GAUDENCIO |
| 4/2/2020 | ORIGINAL PETITION | | | 0 | | PENA, LUPE ELENO | TORRES, GAUDENCIO |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION CORPORATE | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY (LIBERTY) (A FOREIGN | 4/2/2020 | 4/3/2020 | 4/17/2020 | | | 73740389 | E-MAIL |
| | 1999 BRYAN STREET SUITE 900 DALLAS TX 75201 | | | | | | | | | |
| CITATION CORPORATE | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY (LIBERTY) (A FOREIGN | 4/2/2020 | 4/3/2020 | 4/17/2020 | | | 73740389 | E-MAIL |
| | 1999 BRYAN STREET SUITE 900 DALLAS TX 75201 | | | | | | | | | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 90509524 | Defendant Answer and Demand for Jury Trial | | 05/08/2020 | 2 |
| 90525675 | Citation Corporate | | 05/01/2020 | 5 |
| 90135987 | Plaintiff's First Amended Petition | | 04/03/2020 | 7 |
| -> 90135989 | Ex. A First Amended | | 04/03/2020 | 17 |
| -> 90135990 | Request for Issuance of Service | | 04/03/2020 | 1 |
| 90127753 | Plaintiff's Original Petition | | 04/02/2020 | 7 |
| -> 90127754 | Exhibit. A Gaudencio | | 04/02/2020 | 17 |
| -> 90127755 | Request for Issuance of Service | | 04/02/2020 | 1 |

4/2/2020 6:26 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42096504
By: Wanda Chambers
Filed: 4/2/2020 6:26 PM

## 2020-21003 / Court: 189
NO. _____

| | | |
|---|---|---|
| **GAUDENCIO TORRES** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **V.** | § | **\_\_\_\_\_ JUDICIAL DISTRICT** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant* | § | **OF HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Gaudencio Torres, files this Original Petition, Request for Disclosure, Requests for Production, Interrogatories, and Requests for Admission, complaining of Defendant Allstate Fire and Casualty Insurance Company, and would show unto this Honorable Court as follows:

### I.
### DISCOVERY TRACK

1.1     Plaintiff pleads that this case should be assigned to Discovery Track Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an agreed order or other court order to this effect.

### II.
### PARTIES

2.1     Plaintiff Gaudencio Torres is an individual citizen and resident of Houston, Harris County, Texas and was an individual citizen and resident of Harris County at all times relevant to this suit.

2.2     Defendant Allstate Fire and casualty Insurance Company ("Liberty") is a foreign for-profit corporation doing licensed and registered to do business in the state of Texas. Defendant Liberty can be served with process through its registered agent for the state of Texas:  **CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201**, or wherever else it

may be found.  *The applicable fee has been tendered to the Harris County District Clerk and service of process and citation is requested at this time.*

### III.
#### JURISDICTION AND VENUE

3.1    The Court has subject matter jurisdiction over this civil action because Plaintiff seeks damages in excess of the minimum jurisdictional limit of this Court and Plaintiff's claims involve Texas statutory and common law.  This Court also has subject matter jurisdiction to issue a declaratory judgment under Chapter 37 of the Texas Civil Practice and Remedies Code. This Court has jurisdiction over Defendant because Defendant has in the past and continues to do business in Texas, has continuing contacts with the State, and is amenable to service in the State of Texas.

3.2    Venue is proper in Harris County Texas, pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(1), because all or part of the events or omissions giving rise to this cause of action occurred in Harris County, Texas.

3.3    Plaintiff expressly disavows any claims are being made pursuant to federal law, treaties, or constitution.  Although the amount in controversy exceeds $75,000.00, there is a lack of complete diversity because at least one plaintiff and one defendant are both citizens of Texas. Therefore, any removal, or consent to removal, of this case to federal court would be improper.

### IV.
#### GENERAL ALLEGATIONS OF FACTS

**A.    On September 13, 2016, an Underinsured Driver Crashed into Plaintiff Causing Him to Incur Injuries and Damages**

4.1    On September 13, 2016, Gaudencio Torres was traveling northbound in the inside lane of the 2300 block of Cullen Parkway. Plaintiff was traveling west bound on Dixie Rd when Maria Lopez De Aguirre carelessly and recklessly failed to yield the right of way at a stop sign and stuck Plaintiff's vehicle on the left side.

4.2     Upon information and belief, after investigating the Subject Collision, the Houston Police Department determined that Maria Lopez de Aguirre caused the accident by failing to yield the right of way at a stop sign.

4.3     Plaintiff suffered severe injuries and damages as a direct result of Maria Lopez De Aguirre's negligence and the Subject Collision.

4.4     As a result of the collision, which was proximately and solely caused by the negligent acts and/or omissions of Maria Lopez de Aguirre, Plaintiff sustained damages that form the basis of this lawsuit. Plaintiff would show that the incident was caused due to Maria Lopez de Aguirre's failure to exercise ordinary care in the operation of a motor vehicle, including:  (1) failing to timely apply the brakes; and (2) failing to keep a proper lookout; (3) driver inattention; and/or (4) failing to yield the right of way at a stop sign.

**B.     Plaintiff had an Underinsured Motorist Policy with Defendant Allstate in Effect on September 13, 2016**

4.5     At all relevant times, Plaintiff was the named insured covered under Defendant Allstate's Policy No. 000-xxx-xxxxxx-16. The policy carries $30,000.00 in UM/UIM motorist coverage per person and $30,000.00 covering each crash.  Pursuant to the terms of this policy, Defendant is obligated to tender benefits to Plaintiff for damages that he is legally entitled to recover from the owner or operator of an underinsured motor vehicle.

4.6     Plaintiff received written notice from Defendant granting permission to settle with Maria Lopez de Aguirre's automobile liability insurer for the limits of said policy.  Plaintiff will show that the policy limits recovery obtained from the settlement was insufficient to cover Plaintiff's injuries and damages arising from the Subject Collision.  For this reason, Mr. Torres is an "underinsured motorist" as that term is defined under the policy.

**V.**
**CAUSES OF ACTION – DECLARATORY JUDGMENT**

5.1     Plaintiff seeks from the Court a Declaratory Judgment determining his rights under the automobile insurance policy with Allstate that was in effect on September 13, 2016 for which he has continuously paid Allstate premiums throughout the life of the policy.

5.2     At the time of the collision, Plaintiff was a named beneficiary of an uninsured/underinsured motorist contract with Allstate. Plaintiff suffered significant personal injuries and related damages due to the collision made the basis of this lawsuit, caused by the negligence of an underinsured motorist for the purposes of the UM/UIM policy.

5.3     Pursuant to Tex. Civ. Prac. & Rem. Code Chapter 37, Plaintiff seeks a Declaratory Judgment establishing the parties' relative rights and responsibilities under the UIM Insurance Contract, including:

  a.     Plaintiff's status as a beneficiary under the relevant UIM policy;

  b.     That Plaintiff has satisfied all conditions precedent under the UIM  policy;

  c.     The driver's status as an underinsured motorist under the relevant UIM policy;

  d.     The negligence of the underinsured driver in causing the collision making the basis of this lawsuit; and

  e.     Plaintiff's damages were proximately caused by the underinsured driver's negligence.

5.4     In the alternative, Plaintiff seeks judgment for breach of contract for the uninsured driver's failure to pay damages pursuant to the UIM contract.

## VI.
## DAMAGES

6.1     Plaintiff seeks damages within the jurisdictional limit of the Court. Plaintiff seeks monetary relief over $100,000.00 but no more than $1,000,000.00 and demands judgment for all

other relief to which Plaintiff deems himself entitled.  Plaintiff suffered the following damages and asks to be fairly and reasonably compensated for each:

a.   The amount of reasonable medical expenses Plaintiff has incurred in the past, and those that he will reasonably incur in the future;

b.   The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

c.   The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

d.   The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

e.   The physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future;

f.   The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

g.   The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

h.   The loss of any earning sustained by Plaintiff has suffered in the past, and the loss of reduction of Plaintiffs' earning capacity in the future; and

i.   Any lost wages.

6.2   Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks a declaratory judgment establishing his rights under the relevant uninsured/underinsured motorist policy by declaring his entitlement to the $30,000.00 allowed to him under the underinsured motorist policy and attorney's fees and litigation costs pursuant to Tex. Civ. Prac. & Rem. Code § 37.009.

## VII.

### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest at the highest rate provided by law.

## VIII.
### RESERVATION OF RIGHTS

8.1     Plaintiff reserves the right to prove the amount of damages at trial.   Plaintiff reserves the right to amend his Petition and add additional counts and/or parties as discovery continues.

## IX.
### CONDITIONS PRECEDENT

9.1     Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's rights to recover and Defendant's liability have been performed or have occurred.

## X.
### JURY DEMAND

10.1     Plaintiff requests a trial by jury and will tender the applicable fee.

## XI.
### REQUEST FOR DISCLOSURES

11.1     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is to disclose, within fifty (50) days of service of this request, the information and material described in the Texas Rules of Civil Procedure 194.2 (a)-(l).

## XII.
### REQUESTS FOR PRODUCTION, INTERROGATORIES, REQUESTS FOR ADMISSION

12.1     Pursuant to Rule 196, 197, 198 of the Texas Rules of Civil Procedure, Defendant is requested to respond to Plaintiff's Requests for Production, Interrogatories, and Requests for Admission, attached hereto as "Exhibit A," within the time prescribed in the rules.

## XIII.
### PRAYER

13.1    Plaintiff prays that Defendant be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiff recover judgment of and from Defendant for all his damages, in such amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself  to be entitled, whether at law or in equity.


Respectfully submitted,

The Law Offices of Marcos & Associates, PC


By:   _____

Lupe Peña
Texas Bar No. 24084332
Jason D. Goff
Texas Bar No. 24052857
Javier Marcos, Jr.
Texas Bar No. 24028925
228 Westheimer Road
Houston, TX 77006
Tel. (713) 528-7711
Fax. (713) 528-7710
Email: e-service_lupe@marcoslaw.com
**ATTORNEYS FOR PLAINTIFF**

# 2020-21003 / Court: 189

NO. _____

| | | |
|---|---|---|
| **GAUDENCIO TORRES ALMANZA** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **V.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant.* | § | **OF HARRIS COUNTY, TEXAS** |

---

**Exhibit-A**
**PLAINTIFF'S REQUESTS FOR PRODUCTION, INTERROGATORIES, AND**
**REQUESTS FOR ADMISSION TO DEFENDANT LIBERTY COUNTY MUTUAL**
**INSURANCE COMPANY**

---

TO:   Defendant Allstate Fire and Casualty Insurance Company by and through its regestistered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Plaintiff in the above-entitled and numbered cause, pursuant to the Texas Rules of Civil Procedure 196, 197, 198 serves the following First Request for Production, Interrogatories, and Requests for Admission.  You are to produce all responsive documents at the offices of the undersigned within (50) days after service of these requests pursuant to the Texas Rules of Civil Procedure.

[Signature on next page.]

---

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

Page 1 of 17

Respectfully submitted,

The Law Offices of Marcos & Associates, PC

By: _____
Lupe Peña
Texas Bar No. 24084332
Jason D. Goff
Texas Bar No. 24052857
Javier Marcos, Jr.
Texas Bar No. 24028925
228 Westheimer Road
Houston, TX 77006
Tel. (713) 528-7711
Fax. (713) 528-7710
Email: e-service_lupe@marcoslaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on Defendant with Plaintiff's Original Petition and Citation.

_____
**Lupe Pena**

---

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

## DEFINITIONS

1.      Unless otherwise indicated, the use of the term "Defendant" or "you" shall specifically mean Defendant Allstate Fires and Casualty Insurance Company ("Allstate").

2.      Unless otherwise indicated, the use of the term "Plaintiff(s)" shall specifically mean Jessica Morales Rodriguez.

3.      The term "person" shall mean any natural person, corporation, partnership, company, trust, association, joint venture proprietorship, firm or any other business or legal entity of any kind.

4.      The terms "automobile collision," "occurrence," "accident," "collision," and "Subject Incident" refer to the automobile collision with Maria Lopez de Aguirre on September 13, 2016.

5.      As used herein, the terms "referring" or "relating to" (or any form thereof) means constituting, reflecting, respecting, mentioning, describing, pertaining to, connected with, supporting, contradicting, stating, recording, noting, embodying, containing, studying, analyzing, discussing, regarding or evaluating.

6.      As used herein, the term "identify" means, when used in reference to a natural person, his or her: (a) full name; (b) home address and telephone number; (c) business address and telephone number; (d) present or last known position, business affiliation and job description; and (e) business position at the time of the transaction covered by the interrogatory answer.

7.      The term "document" shall mean all writings and means of communication of any kind, including the original and all no identical copies, whether different from the original by reason of any notation made on such copies or otherwise. The term "document" shall include without limitation, letters, correspondence, memoranda, notes, diaries, statistics, telegrams, minutes, expert reports, studies, texts, statements, receipts, returns, summaries, pamphlets, books, booklets, periodicals, prospectuses, interoffice and/or intraoffice communications, offers, acceptances, approvals, notations, recordings, transcripts of any sort of conversations, telephone calls, meeting or other communications, bulletins, printed matters, computer printouts, teletypes, telefaxes, invoices, work sheets, counterparts, appointment books, charts, graphs, indices, data sheets, data processing cards, data processing tapes, ledgers, financial statements, notes or memoranda of understandings, agreements, working papers, instructions, checks, financial instruments or statements and documents reflecting financing and any and all drafts, alterations, modifications, changes and amendments of any of the foregoing categories of documents. In addition, the term "document" shall mean graphic or aural records and oral presentations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures, computer tapes, computer diskettes or computer cards and any electronic, mechanical or electric recordings of any kind, including without limitation, tapes, cassettes, films, discs, recordings and transcriptions of any audio, video or other recordings.

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

Page 3 of 17

8.      As used herein, the term "identity" means, when used in reference to a document means:

    A.      its description (e.g., letter memorandum, report, etc.);
    B.      its date (if no date appears on the document, then the date of its preparation);
    C.      the number of pages;
    D.      its subject matter;
    E.      the number and subject matter of attachments, if any;
    F.      the identity of its author, signor or any person who participated in the preparation;
    G.      the identity of its addressee or recipient;
    H.      the identity of each person to whom copies were sent and each person by whom copies were received;
    I.      its present location; and
    J.      the identity of its custodians (If any such document was, but is no longer, in your possession or control, state what disposition was made on it and when).

9.      As used herein, "private investigator" means any person who, for any consideration whatsoever, engages in or solicits business or accepts employment to furnish, or agrees to make or makes any investigation to obtain information with reference to:

    A.      any criminal act;
    B.      the identity, habits, conduct, movements, whereabouts, affiliations, associations, transactions, reputation or character of any person; and/or
    C.      losses, accidents, or damage or injury to persons or property.

10.     Unless indicated otherwise, the terms "Subject Vehicle" refer to the vehicle Maria Lopez de Aguirre was operating at the time of the Subject Collision.



*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

Page 4 of 17

## INSTRUCTIONS

1.      If any document requested herein has been lost or destroyed, you are requested to identify the last person who had possession or control of the document and to describe in detail the circumstances of and reasons for such destruction or loss and to produce all documents which relate to either the circumstances of or the reasons for such destruction.

2.      If any document requested herein is withheld under claim of privilege, or is not produced for whatever reason, you are requested (1) to state with specificity the claim of privilege or other reason used to withhold production and (2) to identify such document by date, author, and subject matter, in a manner sufficient to allow it to be described to the court for ruling on the privilege or other reason asserted.  You are further requested to produce those portions of any such document which are not subject to a claim of privilege or other reason for nonproduction by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in a disclosing the contents of the portions for which some privilege is asserted.  In other words, Plaintiffs are requesting your Privilege Log.

3.      Unless otherwise stated, the time frame for these requests is January 1, 2016 to the present.

4.      **DOCUMENT DESTRUCTION:  It is required that all documents, photographs, videotapes and/or other data compilations which might impact on the subject matter of this litigation be preserved and that any ongoing process of document destruction involving such documents cease.  In those instances, where document destruction has already taken place, it is requested that the documents that would have been relevant to the following discovery request be identified as well as the date of destruction and the individual authorizing, ordering and/or carrying out the destruction.**

5.      These Definitions and Instructions are incorporated by reference into and are applicable to each of the discovery requests propounded herewith.

6.      If you object to any portion of this request, please itemize your objections to the applicable portion of the request to which you object.

---

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

Page 5 of 17

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT LIBERTY**

**REQUEST FOR PRODUCTION NO. 1:**

Any and all written or recorded statements, reports, or memoranda regarding the Subject Incident made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

All documents used in responding to Plaintiffs' Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

All documents reviewed by any person who may be called as an expert witness.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

All documents reviewed by any consulting expert whose opinions or impressions have been reviewed by any person who may be called as an expert witness.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

All scientific treatises, periodicals, books, journals, articles or other documents which will be referenced or relied upon by your experts during deposition or during trial of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

All exhibits you intend to introduce at trial.

**RESPONSE:**

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

Page 6 of 17

**REQUEST FOR PRODUCTION NO. 7:**

Any and all unaltered photographs, slides, videotapes, motion pictures, and/or other photographic medium taken of Plaintiff since the date of the Subject Incident to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

All reports of the incident created by you or any other Defendant, potential party, or third party.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

All documents sent to you or provided by any Plaintiff regarding the Subject Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

A complete copy of all of your policies of insurance (and all related addendums, declarations pages, change endorsements, endorsements, extension schedules, form endorsement schedules, reservation of rights letters, request for policy change forms, premium invoices, premium notices, and other related documents) which do or may provide coverage for Plaintiff's claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

All written or electronic statements of Plaintiff concerning the subject matter of this lawsuit. This request specifically includes any recordings you have of conversations with Plaintiff or any family members.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

All written or electronic statements of any fact witness or individual with knowledge of relevant facts concerning the subject matter of this lawsuit.

**RESPONSE:**

---

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

Page 7 of 17

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to your document retention and destruction policies in effect at the time of the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to your document retention and destruction policies presently in effect.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Your mission statement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

All depositions of any current or former employee from any case filed against you since January 1, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

All written or electronic statements of any current or former employee from any case filed against you since January 1, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

Any and all documents, memos, reports, correspondence, notes, and written impressions contained in the claims file of any liability insurance carrier acting on your behalf relating to this Subject Incident from the date of the Subject Incident to the date you anticipated litigation in this matter. Do not object on the basis that such documents are not in your possession as the insurance company is within your control regarding this Subject Incident and has tendered a defense in regard to the lawsuit filed.

**RESPONSE:**

---

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

Page 8 of 17

**REQUEST FOR PRODUCTION NO. 19:**

Any emails, letters, or other correspondences between you and any private investigator in relation to the Subject Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Produce a true and correct copy of any document or report containing the mental impressions about the Subject Incident from any insurance adjuster, agent, or employee that visited the scene of the Subject Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

True and correct copy of Plaintiff's entire insurance policy with Defendant, including the declarations page any and all policy exclusions and endorsements that were in effect on the date of incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Plaintiff's entire claims file for this claim with Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

If you obtained any communications or reports from any medical peer review professional regarding Plaintiff's injuries and/or medical charges, then produce complete copies of each such report.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

Any communications between you and any other person or entity regarding the subject incident and/or Plaintiff's claims in this lawsuit. This request does <u>not</u> include any privileged communications between you and your attorneys or any *pro forma* communications exchanged between you and Plaintiff's counsel.

**RESPONSE:**

---

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

**REQUEST FOR PRODUCTION NO. 25:**

All documents evidencing the investigation, analysis and determinations behind the explanation for your refusal to pay the UIM claim made in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

Except as to obtaining a judicial finding of her damages, if you claim that Plaintiff has failed to satisfy a condition precedent under the UIM Policy, then produce any and all documents that support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

A full and complete copy of Plaintiff's medical records Defendant reviewed when considering Plaintiff's UIM claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

All documents, claims histories, and print-outs pertaining to any claims filed by or on behalf of Plaintiff, including but not limited to Southwest Index Bureau ("S.W.I.B." cards), Equifax, TransUnion, Experian, T.R.W., M.I.B., or other information or data exchange banks maintained by or for the insurance industry or of which Defendant is a member or contributor.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

A complete copy of any and all estimates and/or repair bills for property damage for the vehicles involved in this collision, including estimates and/or repair bills for the Plaintiff's vehicle.

**RESPONSE:**

---

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

Page 10 of 17

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT ALLSTATE

**INTERROGATORY NO. 1:**

For each person who answered these questions on behalf of Defendant, state your full and complete name, your addresses for the past (5) years, your driver's license number and state of issuance, and date of birth.

**ANSWER:**

**INTERROGATORY NO. 2:**

For each person identified in the previous interrogatory, please state whether he or she has been arrested, charged, and/or convicted of any felony or crime involving moral turpitude in the past ten years.

**ANSWER:**

**INTERROGATORY NO. 3:**

Do you contend that the subject incident was caused, in whole or in part, by any person other than Maria Lopez de Aguirre? If so, then identify each person whom you contend is at fault for the incident and set forth the factual basis for the same.

**ANSWER:**

**INTERROGATORY NO. 4:**

If you contend that Plaintiff has been adequately compensated for her injuries arising from the incident, then please describe in reasonable detail:

a. the documents you considered in making that determination;

b. the medical professionals and/or specialists your relied upon and/or consulted with in reaching that determination;

c. the opinions and/or findings of the medical professionals or specialists you consulted with.

**ANSWER:**

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

Page 11 of 17

**INTERROGATORY NO. 5:**

Describe in your own words your understanding of how the subject incident occurred.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify each person or entity to whom you have communicated with regarding the subject incident, Plaintiff's claim for UIM benefits, and/or Plaintiff's injuries arising from the subject incident. This interrogatory includes any all witnesses, police officers, investigators, healthcare providers, emergency personnel, and peer review specialists (***note, this interrogatory specifically <u>excludes</u> any communications between you and (a) your attorneys; and/or (b) Plaintiff's attorneys***).  For each communication, please indicate:

    a.  The complete name, address, and telephone number of each person to whom you communicated with—note, if the communication was made with a corporate entity, then please identify each person, agent, and/or representative of each corporate entity who you communicated with;

    b.  The date and time the communication was made;

    c.  The manner in which the communication was made (*e.g.*, e-mail, letter, telephone conference, etc.)

    d.  The substance of the communication; and

    e.  Any witnesses who were present and/or were copied on each such communication.

**ANSWER:**

**INTERROGATORY NO. 7:**

If you have hired or retained any private investigator, photographer, videographer or any other person or entity to take surveillance photographs or video footage of Plaintiff, then state:

    d.  The name, address, and telephone number of each person who took each photograph and/or video;

    e.  The approximate dates each photograph and/or video was obtained;

    f.  The current location(s) of where any such photographs or video footage was obtained; and

    g.  The total number of photographs taken of Plaintiff and/or the running time of all video footage taken of Plaintiff; and

    h.  If any video or photograph has been lost, altered, or destroyed, then state the circumstances for the same.

**ANSWER:**

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

Page 12 of 17

**INTERROGATORY NO. 8:**

If you or any person or entity acting on your behalf has taken any photographs of video footage of Plaintiff that has been lost, modified, deleted, or destroyed then state

    i.   The factual circumstances in which each photograph or video was lost, modified, altered, or destroyed;

    j.   The approximate date that each photograph or video was lost, modified, altered, or destroyed; and

    k.   The complete name, address, and telephone number of each person with knowledge regarding any photograph or video that has been lost, modified, altered, or destroyed.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify each and every, agent, employee, and/or representative for the Defendant, other than attorneys, who have worked as an adjuster on or who has reviewed this file.

**ANSWER:**

**INTERROGATORY NO. 10:**

If you have access, obtained, or saved any photographs, videos, comments, or posting from from any social medial website regarding Plaintiff or the subject incident (*e.g.*, Facebook, Instagram, Twitter, etc), then provide a general description of each item you access, obtained, or saved.

**ANSWER:**

**INTERROGATORY NO. 11:**

If you contend that Plaintiff was not covered under an underinsured motorist ("UIM") policy with Defendant on the date of loss or that any such UIM policy had lapsed, expired, or was otherwise not in force on the date of loss, then state the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 12:**

If you contend that any of Plaintiff's injuries were not caused by the incident but rather were pre-existing conditions or were caused by a subsequently occurring event, then identify which injuries you contend were pre-existing or occurred subsequent to the incident and the factual basis for each such contention.

---

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

Page 13 of 17

**ANSWER:**

**INTERROGATORY NO. 13:**

If you contend that Plaintiff failed to satisfy any condition precedent to obtaining UIM benefits other than obtaining a judicial determination of her covered damages, then identify each such condition that you contend Plaintiff failed to satisfy and the factual basis for the same.

**ANSWER:**

**INTERROGATORY NO. 14:**

Other than obtaining a judicial determination of her damages, if you contend that Plaintiff has failed to satisfy any condition under the UIM Policy for obtaining benefits arising from the incident, then identify each such condition and set forth the factual basis for the same.

**ANSWER:**

---

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT ALLSTATE**

**REQUESTS FOR ADMISISON NO. 1:**

Admit that you have been sued in the proper capacity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**

Admit that Plaintiffs' claims are not barred by the statute of limitations.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**

Admit that you have been properly named in this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

Admit that Plaintiff was involved in an automobile collison with Maria Lopez de Aguirre on September 13, 2016.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 5:**

Admit the Subject Collision was caused by Maria Lopez de Aguirre.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 6:**

Admit that Maria Lopez de Aguirre failed to yield the right of way at the time of the Subject Collision.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 7:**

Admit that Plaintiffs' injuries were proximately caused by Maria Lopez de Aguirre's negligent acts or omissions.

---

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

Page 15 of 17

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 8:**

Admit that Maria Lopez de Aguirre was an underinsured motorist.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 9:**

Admit that you do not contend that some other person than Maria Lopez de Aguirre is responsible for the Subject Collision.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 10:**

Admit that at the time of the Subject Collision, Plaintiff was covered under an Underinsured Motorist Policy issued to him by Allstate.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 11:**

Admit that Plaintiff had paid premiums to you for the Underinsured Motorist coverage he maintained with you at the time of the Subject Collision.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 12:**

Admit you do not contend that Plaintiff did not experience any physical pain as result of the Subject Collision.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 13:**

Admit that you do not contend that Plaintiff did not experience any mental anguish as a result of the Subject Collision.

**RESPONSE**:

*Plaintiff's First Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Liberty County Mutual Insurance Company*

Page 16 of 17

**REQUEST FOR ADMISSION NO. 14:**

Admit that you do not contend that Plaintiff's injuries were caused by conditions or events occurring prior to the date of the Subject Collision.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 15:**

Admit you do not contend that Plaitniff's injuries were caused by conditions or events occurring subsequent to the date of the Subject Collision.

**RESPONSE:**

4/3/2020 12:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42107270
By: Brianna Denmon
Filed: 4/3/2020 12:24 PM

## CAUSE NO. 2020-21003

| | | |
|---|---|---|
| **GAUDENCIO TORRES** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **V.** | § | **189TH JUDICIAL DISTRICT** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant* | § | **OF HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff, Gaudencio Torres, files this First Amended Petition, Request for Disclosure, Requests for Production, Interrogatories, and Requests for Admission, complaining of Defendant Allstate Fire and Casualty Insurance Company, and would show unto this Honorable Court as follows:

### I.
### DISCOVERY TRACK

1.1     Plaintiff pleads that this case should be assigned to Discovery Track Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an agreed order or other court order to this effect.

### II.
### PARTIES

2.1     Plaintiff Gaudencio Torres is an individual citizen and resident of Houston, Harris County, Texas and was an individual citizen and resident of Harris County at all times relevant to this suit.

2.2     Defendant Allstate Fire and casualty Insurance Company ("Allstate") is a foreign for-profit corporation doing licensed and registered to do business in the state of Texas. Defendant Allstate can be served with process through its registered agent for the state of Texas: **CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201**, or wherever else it

may be found.  *The applicable fee has been tendered to the Harris County District Clerk and service of process and citation is requested at this time.*

## III.
### JURISDICTION AND VENUE

3.1     The Court has subject matter jurisdiction over this civil action because Plaintiff seeks damages in excess of the minimum jurisdictional limit of this Court and Plaintiff's claims involve Texas statutory and common law.  This Court also has subject matter jurisdiction to issue a declaratory judgment under Chapter 37 of the Texas Civil Practice and Remedies Code. This Court has jurisdiction over Defendant because Defendant has in the past and continues to do business in Texas, has continuing contacts with the State, and is amenable to service in the State of Texas.

3.2     Venue is proper in Harris County Texas, pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(1), because all or part of the events or omissions giving rise to this cause of action occurred in Harris County, Texas.

3.3     Plaintiff expressly disavows any claims are being made pursuant to federal law, treaties, or constitution.  Although the amount in controversy exceeds $75,000.00, there is a lack of complete diversity because at least one plaintiff and one defendant are both citizens of Texas. Therefore, any removal, or consent to removal, of this case to federal court would be improper.

## IV.
### GENERAL ALLEGATIONS OF FACTS

**A.     On September 13, 2016, an Underinsured Driver Crashed into Plaintiff Causing Him to Incur Injuries and Damages**

4.1     On September 13, 2016, Gaudencio Torres was traveling northbound in the inside lane of the 2300 block of Cullen Parkway. Plaintiff was traveling west bound on Dixie Rd when Maria Lopez De Aguirre carelessly and recklessly failed to yield the right of way at a stop sign and stuck Plaintiff's vehicle on the left side.

4.2     Upon information and belief, after investigating the Subject Collision, the Houston Police Department determined that Maria Lopez de Aguirre caused the accident by failing to yield the right of way at a stop sign.

4.3     Plaintiff suffered severe injuries and damages as a direct result of Maria Lopez De Aguirre's negligence and the Subject Collision.

4.4     As a result of the collision, which was proximately and solely caused by the negligent acts and/or omissions of Maria Lopez de Aguirre, Plaintiff sustained damages that form the basis of this lawsuit. Plaintiff would show that the incident was caused due to Maria Lopez de Aguirre's failure to exercise ordinary care in the operation of a motor vehicle, including: (1) failing to timely apply the brakes; and (2) failing to keep a proper lookout; (3) driver inattention; and/or (4) failing to yield the right of way at a stop sign.

**B.     Plaintiff had an Underinsured Motorist Policy with Defendant Allstate in Effect on September 13, 2016**

4.5     At all relevant times, Plaintiff was the named insured covered under Defendant Allstate's Policy No. 000-xxx-xxxxxx-16. The policy carries $30,000.00 in UM/UIM motorist coverage per person and $30,000.00 covering each crash.  Pursuant to the terms of this policy, Defendant is obligated to tender benefits to Plaintiff for damages that he is legally entitled to recover from the owner or operator of an underinsured motor vehicle.

4.6     Plaintiff received written notice from Defendant granting permission to settle with Maria Lopez de Aguirre's automobile liability insurer for the limits of said policy.  Plaintiff will show that the policy limits recovery obtained from the settlement was insufficient to cover Plaintiff's injuries and damages arising from the Subject Collision.  For this reason, Mr. Torres is an "underinsured motorist" as that term is defined under the policy.

## V.
### CAUSES OF ACTION – DECLARATORY JUDGMENT

5.1     Plaintiff seeks from the Court a Declaratory Judgment determining his rights under the automobile insurance policy with Allstate that was in effect on September 13, 2016 for which he has continuously paid Allstate premiums throughout the life of the policy.

5.2     At the time of the collision, Plaintiff was a named beneficiary of an uninsured/underinsured motorist contract with Allstate. Plaintiff suffered significant personal injuries and related damages due to the collision made the basis of this lawsuit, caused by the negligence of an underinsured motorist for the purposes of the UM/UIM policy.

5.3     Pursuant to Tex. Civ. Prac. & Rem. Code Chapter 37, Plaintiff seeks a Declaratory Judgment establishing the parties' relative rights and responsibilities under the UIM Insurance Contract, including:

    a.     Plaintiff's status as a beneficiary under the relevant UIM policy;

    b.     That Plaintiff has satisfied all conditions precedent under the UIM policy;

    c.     The driver's status as an underinsured motorist under the relevant UIM policy;

    d.     The negligence of the underinsured driver in causing the collision making the basis of this lawsuit; and

    e.     Plaintiff's damages were proximately caused by the underinsured driver's negligence.

5.4     In the alternative, Plaintiff seeks judgment for breach of contract for the uninsured driver's failure to pay damages pursuant to the UIM contract.

## VI.
### DAMAGES

6.1     Plaintiff seeks damages within the jurisdictional limit of the Court. Plaintiff seeks monetary relief over $100,000.00 but no more than $1,000,000.00 and demands judgment for all

other relief to which Plaintiff deems himself entitled.  Plaintiff suffered the following damages and asks to be fairly and reasonably compensated for each:

  a. The amount of reasonable medical expenses Plaintiff has incurred in the past, and those that he will reasonably incur in the future;

  b. The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

  c. The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

  d. The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

  e. The physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future;

  f. The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

  g. The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

  h. The loss of any earning sustained by Plaintiff has suffered in the past, and the loss of reduction of Plaintiffs' earning capacity in the future; and

  i. Any lost wages.

 6.2 Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks a declaratory judgment establishing his rights under the relevant uninsured/underinsured motorist policy by declaring his entitlement to the $30,000.00 allowed to him under the underinsured motorist policy and attorney's fees and litigation costs pursuant to Tex. Civ. Prac. & Rem. Code § 37.009.

## VII.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

7.1    Plaintiff seeks pre-judgment and post-judgment interest at the highest rate provided by law.

## VIII.
### RESERVATION OF RIGHTS

8.1    Plaintiff reserves the right to prove the amount of damages at trial.  Plaintiff reserves the right to amend his Petition and add additional counts and/or parties as discovery continues.

## IX.
### CONDITIONS PRECEDENT

9.1    Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's rights to recover and Defendant's liability have been performed or have occurred.

## X.
### JURY DEMAND

10.1    Plaintiff requests a trial by jury and will tender the applicable fee.

## XI.
### REQUEST FOR DISCLOSURES

11.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is to disclose, within fifty (50) days of service of this request, the information and material described in the Texas Rules of Civil Procedure 194.2 (a)-(l).

## XII.
### REQUESTS FOR PRODUCTION, INTERROGATORIES, REQUESTS FOR ADMISSION

12.1    Pursuant to Rule 196, 197, 198 of the Texas Rules of Civil Procedure, Defendant is requested to respond to Plaintiff's Requests for Production, Interrogatories, and Requests for Admission, attached hereto as "Exhibit A," within the time prescribed in the rules.

## XIII.
### PRAYER

13.1     Plaintiff prays that Defendant be cited to appear and answer herein, that this cause be set

for trial before a jury, and that Plaintiff recover judgment of and from Defendant for all his

damages, in such amount as the evidence shows and the jury determines to be proper, together

with pre-judgment interest and post-judgment interest, costs of suit, and such other and further

relief to which Plaintiff may show himself  to be entitled, whether at law or in equity.


Respectfully submitted,

The Law Offices of Marcos & Associates, PC


By:     _____

Lupe Peña
Texas Bar No. 24084332
Jason D. Goff
Texas Bar No. 24052857
Javier Marcos, Jr.
Texas Bar No. 24028925
228 Westheimer Road
Houston, TX 77006
Tel. (713) 528-7711
Fax. (713) 528-7710
Email: e-service_lupe@marcoslaw.com
**ATTORNEYS FOR PLAINTIFF**

**CAUSE NO. <u>2020-21003</u>**

| | | |
|---|---|---|
| **GAUDENCIO TORRES ALMANZA** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **V.** | § | **189TH JUDICIAL DISTRICT** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant.* | § | **OF HARRIS COUNTY, TEXAS** |

**Exhibit-A**
**PLAINTIFF'S FIRST AMENDED REQUESTS FOR PRODUCTION,**
**INTERROGATORIES, AND REQUESTS FOR ADMISSION TO DEFENDANT**
**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**

TO:     Defendant Allstate Fire and Casualty Insurance Company by and through its regestistered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Plaintiff in the above-entitled and numbered cause, pursuant to the Texas Rules of Civil Procedure 196, 197, 198 serves the following First Request for Production, Interrogatories, and Requests for Admission.  You are to produce all responsive documents at the offices of the undersigned within (50) days after service of these requests pursuant to the Texas Rules of Civil Procedure.

[Signature on next page.]

---

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

Page 1 of 17

Respectfully submitted,

The Law Offices of Marcos & Associates, PC

By: _____

Lupe Peña
Texas Bar No. 24084332
Jason D. Goff
Texas Bar No. 24052857
Javier Marcos, Jr.
Texas Bar No. 24028925
228 Westheimer Road
Houston, TX 77006
Tel. (713) 528-7711
Fax. (713) 528-7710
Email: e-service_lupe@marcoslaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on Defendant with Plaintiff's Original Petition and Citation.

_____
**Lupe Pena**

---

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

## DEFINITIONS

1.      Unless otherwise indicated, the use of the term "Defendant" or "you" shall specifically mean Defendant Allstate Fires and Casualty Insurance Company ("Allstate").

2.      Unless otherwise indicated, the use of the term "Plaintiff(s)" shall specifically mean Jessica Morales Rodriguez.

3.      The term "person" shall mean any natural person, corporation, partnership, company, trust, association, joint venture proprietorship, firm or any other business or legal entity of any kind.

4.      The terms "automobile collision," "occurrence," "accident," "collision," and "Subject Incident" refer to the autmobile collision with Maria Lopez de Aguirre on September 13, 2016.

5.      As used herein, the terms "referring" or "relating to" (or any form thereof) means constituting, reflecting, respecting, mentioning, describing, pertaining to, connected with, supporting, contradicting, stating, recording, noting, embodying, containing, studying, analyzing, discussing, regarding or evaluating.

6.      As used herein, the term "identify" means, when used in reference to a natural person, his or her: (a) full name; (b) home address and telephone number; (c) business address and telephone number; (d) present or last known position, business affiliation and job description; and (e) business position at the time of the transaction covered by the interrogatory answer.

7.      The term "document" shall mean all writings and means of communication of any kind, including the original and all no identical copies, whether different from the original by reason of any notation made on such copies or otherwise. The term "document" shall include without limitation, letters, correspondence, memoranda, notes, diaries, statistics, telegrams, minutes, expert reports, studies, texts, statements, receipts, returns, summaries, pamphlets, books, booklets, periodicals, prospectuses, interoffice and/or intraoffice communications, offers, acceptances, approvals, notations, recordings, transcripts of any sort of conversations, telephone calls, meeting or other communications, bulletins, printed matters, computer printouts, teletypes, telefaxes, invoices, work sheets, counterparts, appointment books, charts, graphs, indices, data sheets, data processing cards, data processing tapes, ledgers, financial statements, notes or memoranda of understandings, agreements, working papers, instructions, checks, financial instruments or statements and documents reflecting financing and any and all drafts, alterations, modifications, changes and amendments of any of the foregoing categories of documents.   In addition, the term "document" shall mean graphic or aural records and oral presentations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures, computer tapes, computer diskettes or computer cards and any electronic, mechanical or electric recordings of any kind, including without limitation, tapes, cassettes, films, discs, recordings and transcriptions of any audio, video or other recordings.

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

Page 3 of 17

8.      As used herein, the term "identity" means, when used in reference to a document means:

    A.      its description (e.g., letter memorandum, report, etc.);
    B.      its date (if no date appears on the document, then the date of its preparation);
    C.      the number of pages;
    D.      its subject matter;
    E.      the number and subject matter of attachments, if any;
    F.      the identity of its author, signor or any person who participated in the preparation;
    G.      the identity of its addressee or recipient;
    H.      the identity of each person to whom copies were sent and each person by whom copies were received;
    I.      its present location; and
    J.      the identity of its custodians (If any such document was, but is no longer, in your possession or control, state what disposition was made on it and when).

9.      As used herein, "private investigator" means any person who, for any consideration whatsoever, engages in or solicits business or accepts employment to furnish, or agrees to make or makes any investigation to obtain information with reference to:

    A.      any criminal act;
    B.      the identity, habits, conduct, movements, whereabouts, affiliations, associations, transactions, reputation or character of any person; and/or
    C.      losses, accidents, or damage or injury to persons or property.

10.      Unless indicated otherwise, the terms "Subject Vehicle" refer to the vehicle Maria Lopez de Aguirre was operating at the time of the Subject Collision.



*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

Page 4 of 17

## INSTRUCTIONS

1.      If any document requested herein has been lost or destroyed, you are requested to identify the last person who had possession or control of the document and to describe in detail the circumstances of and reasons for such destruction or loss and to produce all documents which relate to either the circumstances of or the reasons for such destruction.

2.      If any document requested herein is withheld under claim of privilege, or is not produced for whatever reason, you are requested (1) to state with specificity the claim of privilege or other reason used to withhold production and (2) to identify such document by date, author, and subject matter, in a manner sufficient to allow it to be described to the court for ruling on the privilege or other reason asserted.  You are further requested to produce those portions of any such document which are not subject to a claim of privilege or other reason for nonproduction by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in a disclosing the contents of the portions for which some privilege is asserted.  In other words, Plaintiffs are requesting your Privilege Log.

3.      Unless otherwise stated, the time frame for these requests is January 1, 2016 to the present.

4.      **DOCUMENT DESTRUCTION:  It is required that all documents, photographs, videotapes and/or other data compilations which might impact on the subject matter of this litigation be preserved and that any ongoing process of document destruction involving such documents cease.  In those instances, where document destruction has already taken place, it is requested that the documents that would have been relevant to the following discovery request be identified as well as the date of destruction and the individual authorizing, ordering and/or carrying out the destruction.**

5.      These Definitions and Instructions are incorporated by reference into and are applicable to each of the discovery requests propounded herewith.

6.      If you object to any portion of this request, please itemize your objections to the applicable portion of the request to which you object.

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

Page 5 of 17

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT ALLSTATE

### REQUEST FOR PRODUCTION NO. 1:

Any and all written or recorded statements, reports, or memoranda regarding the Subject Incident made the basis of this suit.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 2:

All documents used in responding to Plaintiffs' Interrogatories.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 3:

All documents reviewed by any person who may be called as an expert witness.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 4:

All documents reviewed by any consulting expert whose opinions or impressions have been reviewed by any person who may be called as an expert witness.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 5:

All scientific treatises, periodicals, books, journals, articles or other documents which will be referenced or relied upon by your experts during deposition or during trial of this lawsuit.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 6:

All exhibits you intend to introduce at trial.

**RESPONSE:**

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

Page 6 of 17

**REQUEST FOR PRODUCTION NO. 7:**

Any and all unaltered photographs, slides, videotapes, motion pictures, and/or other photographic medium taken of Plaintiff since the date of the Subject Incident to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

All reports of the incident created by you or any other Defendant, potential party, or third party.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

All documents sent to you or provided by any Plaintiff regarding the Subject Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

A complete copy of all of your policies of insurance (and all related addendums, declarations pages, change endorsements, endorsements, extension schedules, form endorsement schedules, reservation of rights letters, request for policy change forms, premium invoices, premium notices, and other related documents) which do or may provide coverage for Plaintiff's claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

All written or electronic statements of Plaintiff concerning the subject matter of this lawsuit. This request specifically includes any recordings you have of conversations with Plaintiff or any family members.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

All written or electronic statements of any fact witness or individual with knowledge of relevant facts concerning the subject matter of this lawsuit.

**RESPONSE:**

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

Page 7 of 17

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to your document retention and destruction policies in effect at the time of the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to your document retention and destruction policies presently in effect.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Your mission statement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

All depositions of any current or former employee from any case filed against you since January 1, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

All written or electronic statements of any current or former employee from any case filed against you since January 1, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

Any and all documents, memos, reports, correspondence, notes, and written impressions contained in the claims file of any liability insurance carrier acting on your behalf relating to this Subject Incident from the date of the Subject Incident to the date you anticipated litigation in this matter. Do not object on the basis that such documents are not in your possession as the insurance company is within your control regarding this Subject Incident and has tendered a defense in regard to the lawsuit filed.

**RESPONSE:**

---

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

Page 8 of 17

**REQUEST FOR PRODUCTION NO. 19:**

Any emails, letters, or other correspondences between you and any private investigator in relation to the Subject Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Produce a true and correct copy of any document or report containing the mental impressions about the Subject Incident from any insurance adjuster, agent, or employee that visited the scene of the Subject Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

True and correct copy of Plaintiff's entire insurance policy with Defendant, including the declarations page any and all policy exclusions and endorsements that were in effect on the date of incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Plaintiff's entire claims file for this claim with Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

If you obtained any communications or reports from any medical peer review professional regarding Plaintiff's injuries and/or medical charges, then produce complete copies of each such report.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

Any communications between you and any other person or entity regarding the subject incident and/or Plaintiff's claims in this lawsuit. This request does <u>not</u> include any privileged communications between you and your attorneys or any *pro forma* communications exchanged between you and Plaintiff's counsel.

**RESPONSE:**

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

Page 9 of 17

**REQUEST FOR PRODUCTION NO. 25:**

All documents evidencing the investigation, analysis and determinations behind the explanation for your refusal to pay the UIM claim made in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

Except as to obtaining a judicial finding of her damages, if you claim that Plaintiff has failed to satisfy a condition precedent under the UIM Policy, then produce any and all documents that support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

A full and complete copy of Plaintiff's medical records Defendant reviewed when considering Plaintiff's UIM claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

All documents, claims histories, and print-outs pertaining to any claims filed by or on behalf of Plaintiff, including but not limited to Southwest Index Bureau ("S.W.I.B." cards), Equifax, TransUnion, Experian, T.R.W., M.I.B., or other information or data exchange banks maintained by or for the insurance industry or of which Defendant is a member or contributor.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

A complete copy of any and all estimates and/or repair bills for property damage for the vehicles involved in this collision, including estimates and/or repair bills for the Plaintiff's vehicle.

**RESPONSE:**

---

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT ALLSTATE

**INTERROGATORY NO. 1:**

For each person who answered these questions on behalf of Defendant, state your full and complete name, your addresses for the past (5) years, your driver's license number and state of issuance, and date of birth.

**ANSWER:**

**INTERROGATORY NO. 2:**

For each person identified in the previous interrogatory, please state whether he or she has been arrested, charged, and/or convicted of any felony or crime involving moral turpitude in the past ten years.

**ANSWER:**

**INTERROGATORY NO. 3:**

Do you contend that the subject incident was caused, in whole or in part, by any person other than Maria Lopez de Aguirre? If so, then identify each person whom you contend is at fault for the incident and set forth the factual basis for the same.

**ANSWER:**

**INTERROGATORY NO. 4:**

If you contend that Plaintiff has been adequately compensated for her injuries arising from the incident, then please describe in reasonable detail:

    a.  the documents you considered in making that determination;

    b.  the medical professionals and/or specialists your relied upon and/or consulted with in reaching that determination;

    c.  the opinions and/or findings of the medical professionals or specialists you consulted with.

**ANSWER:**

---

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

Page 11 of 17

**INTERROGATORY NO. 5:**

Describe in your own words your understanding of how the subject incident occurred.


**ANSWER:**


**INTERROGATORY NO. 6:**

Identify each person or entity to whom you have communicated with regarding the subject incident, Plaintiff's claim for UIM benefits, and/or Plaintiff's injuries arising from the subject incident. This interrogatory includes any all witnesses, police officers, investigators, healthcare providers, emergency personnel, and peer review specialists (***note, this interrogatory specifically <u>excludes</u> any communications between you and (a) your attorneys; and/or (b) Plaintiff's attorneys***).  For each communication, please indicate:

    a.  The complete name, address, and telephone number of each person to whom you communicated with—note, if the communication was made with a corporate entity, then please identify each person, agent, and/or representative of each corporate entity who you communicated with;
    b.  The date and time the communication was made;
    c.  The manner in which the communication was made (*e.g.*, e-mail, letter, telephone conference, etc.)
    d.  The substance of the communication; and
    e.  Any witnesses who were present and/or were copied on each such communication.

**ANSWER:**

**INTERROGATORY NO. 7:**

If you have hired or retained any private investigator, photographer, videographer or any other person or entity to take surveillance photographs or video footage of Plaintiff, then state:

    d.  The name, address, and telephone number of each person who took each photograph and/or video;
    e.  The approximate dates each photograph and/or video was obtained;
    f.  The current location(s) of where any such photographs or video footage was obtained; and
    g.  The total number of photographs taken of Plaintiff and/or the running time of all video footage taken of Plaintiff; and
    h.  If any video or photograph has been lost, altered, or destroyed, then state the circumstances for the same.

**ANSWER:**

---

**INTERROGATORY NO. 8:**

If you or any person or entity acting on your behalf has taken any photographs of video footage of Plaintiff that has been lost, modified, deleted, or destroyed then state

i. The factual circumstances in which each photograph or video was lost, modified, altered, or destroyed;
j. The approximate date that each photograph or video was lost, modified, altered, or destroyed; and
k. The complete name, address, and telephone number of each person with knowledge regarding any photograph or video that has been lost, modified, altered, or destroyed.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify each and every, agent, employee, and/or representative for the Defendant, other than attorneys, who have worked as an adjuster on or who has reviewed this file.

**ANSWER:**

**INTERROGATORY NO. 10:**

If you have access, obtained, or saved any photographs, videos, comments, or posting from from any social medial website regarding Plaintiff or the subject incident (*e.g.*, Facebook, Instagram, Twitter, etc), then provide a general description of each item you access, obtained, or saved.

**ANSWER:**

**INTERROGATORY NO. 11:**

If you contend that Plaintiff was not covered under an underinsured motorist ("UIM") policy with Defendant on the date of loss or that any such UIM policy had lapsed, expired, or was otherwise not in force on the date of loss, then state the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 12:**

If you contend that any of Plaintiff's injuries were not caused by the incident but rather were pre-existing conditions or were caused by a subsequently occurring event, then identify which injuries you contend were pre-existing or occurred subsequent to the incident and the factual basis for each such contention.

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

Page 13 of 17

**ANSWER:**

**INTERROGATORY NO. 13:**

If you contend that Plaintiff failed to satisfy any condition precedent to obtaining UIM benefits other than obtaining a judicial determination of her covered damages, then identify each such condition that you contend Plaintiff failed to satisfy and the factual basis for the same.

**ANSWER:**

**INTERROGATORY NO. 14:**

Other than obtaining a judicial determination of her damages, if you contend that Plaintiff has failed to satisfy any condition under the UIM Policy for obtaining benefits arising from the incident, then identify each such condition and set forth the factual basis for the same.

**ANSWER:**

---

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT ALLSTATE

### REQUESTS FOR ADMISISON NO. 1:

Admit that you have been sued in the proper capacity.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 2:

Admit that Plaintiffs' claims are not barred by the statute of limitations.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 3:

Admit that you have been properly named in this suit.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 4:

Admit that Plaintiff was involved in an automobile collison with Maria Lopez de Aguirre on September 13, 2016.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 5:

Admit the Subject Collision was caused by Maria Lopez de Aguirre.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 6:

Admit that Maria Lopez de Aguirre failed to yield the right of way at the time of the Subject Collision.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 7:

Admit that Plaintiffs' injuries were proximately caused by Maria Lopez de Aguirre's negligent acts or omissions.

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

Page 15 of 17

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 8:**

Admit that Maria Lopez de Aguirre was an underinsured motorist.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 9:**

Admit that you do not contend that some other person than Maria Lopez de Aguirre is responsible for the Subject Collision.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 10:**

Admit that at the time of the Subject Collision, Plaintiff was covered under an Underinsured Motorist Policy issued to him by Allstate.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 11:**

Admit that Plaintiff had paid premiums to you for the Underinsured Motorist coverage he maintained with you at the time of the Subject Collision.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 12:**

Admit you do not contend that Plaintiff did not experience any physical pain as result of the Subject Collision.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 13:**

Admit that you do not contend that Plaintiff did not experience any mental anguish as a result of the Subject Collision.

**RESPONSE**:

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

Page 16 of 17

**REQUEST FOR ADMISSION NO. 14:**

Admit that you do not contend that Plaintiff's injuries were caused by conditions or events occurring prior to the date of the Subject Collision.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 15:**

Admit you do not contend that Plaitniff's injuries were caused by conditions or events occurring subsequent to the date of the Subject Collision.

**RESPONSE:**

*Plaintiff's First Amended Requests for Production, Interrogatories, and Requests for Admission*
*To Defendant Allstate Fire and Casualty Insurance Company*

Page 17 of 17

CAUSE NO. 202021003

*P-5*

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 851469  TRACKING NO: 73740389

| | |
|---|---|
| Plaintiff: | In The 189th |
| TORRES, GAUDENCIO | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| ALLSTATE FIRE & CASUALTY INSURANCE COMPANY | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

To:    ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY (LIBERTY) (A FOREIGN FOR PROFIT
CORPORATION) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900, DALLAS TX 75201

Attached is a copy of: Plaintiff's First Amended Petition

This instrument was filed on April 2, 2020 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on April 3, 2020, under my hand and seal of said court.

Issued at the request of:

PENA, LUPE ELENO
228 WESTHEIMER
HOUSTON, TX  77006
713-528-7711
Bar Number: 24084332

*Marilyn Burgess*

Marilyn Burgess, District Clerk.

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: WANDA CHAMBERS

**FILED**
Marilyn Burgess
District Clerk

MAY – 1 2020    05-01-2020

Time:_____
Harris County, Texas

By_____
Deputy

Unofficial Copy Office of Marilyn Burgess District Clerk

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

Tracking Number: 73740389

## CAUSE NUMBER: 202021003

| | |
|---|---|
| **PLAINTIFF: TORRES, GAUDENCIO** | In the 189th |
| vs. | **Judicial District Court of** |
| **DEFENDANT: ALLSTATE FIRE & CASUALTY INSURANCE COMPANY** | **Harris County, Texas** |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _8°00_ o'clock _A_. M. on the _14th_ day of _April_____, 20 _20_. Executed at

(Address) _1999 Bryman Sredit # 900  Dallas, TD 75201_____
in

_Dallas_____ County at _10:03_ o'clock _A_. M. On the _17th_ day of _April_____, 20 _20_, by
_Allstate Fire & Casualty Insurance Co_          _CT ____#_
Delivering to _thy Agt CT Corporation System_____ defendant, ~~in person~~, a true copy of this Citation
together with the accompanying ___ copy (ies) of the ~~Attachment~~. Petition attached thereto and I endorsed on said
copy of the Citation the date of delivery. _Plaintiffs first Amended Petition -_

To certify which I affix my hand officially this _29th_ day of _April_____, 20 _20_

Fees $ _____

_____          By_____
          Affiant                              Deputy

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _29th_ day of _April_____, 20 _20_

_____
Notary Public

MARIA T. RAMIREZ
My Notary ID # 128526923
Expires February 15, 2023

(Attached)

RFPS
Forts
RFA's

Unofficial Copy Office of Marilyn Burgess District Clerk

MARIA L RAMIREZ
My Notary ID # 132626303
Expires February 15, 2023

NO. 2020-21003

| | | |
|---|---|---|
| GUADENCIO TORRES | § | IN THE 189TH JUDICIAL |
| | § | |
| V | § | DISTRICT COURT OF |
| | § | |
| ALLSTATE FIRE & CASUALTY INSURNCE | § | |
| COMPANY | § | HARRIS COUNTY, TEXAS |

### AFFIDAVIT OF LAWRENCE RODRIGUEZ, JR.

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL PERSONS BY THESE PRESENTS |
| COUNTY OF HARRIS | § | |

**BEFORE ME,** the undersigned authority, on this day personally appeared Lawrence Rodriguez Jr., who being by me first duly sworn, deposed and stated:

1.  "My name is Lawrence Rodriguez, Jr., and my business address is 2021 Spenwick #518, Houston, Texas 77055. I am over the age of twenty-one (21) years, of sound moral character, never been convicted of a felony, and otherwise competent to testify. I have personal knowledge if the facts and circumstances set forth in this Affidavit, and they are true and correct.

2.  This affidavit is made pursuant to the Supreme Court of Texas Misc Docket No. 05-9121, Final Approval of Amendments to Rules 103 and 536(a) of the Texas Rules of Civil Procedure("Standing Order").

3.  I affirmatively state that I am an authorized private process server pursuant to Rule 103 TRCP in conjunction with the Standing Order and have no interest in the outcome of this suit.

4.  Came to hand on April 14, 2020 at 8:00 am and executed in Dallas County, Texas by delivering to each named defendant, a true copy of citation together with copy of Plaintiff's First Amended Petition at the following time and place to wit: Allstate Fire & Casualty Insurance Company through registered agent CT Corporation System certified mail return receipt requested article number 7017-3040-0000-0379-9091 at1999 Bryan Street, Suite 900 Dallas, Dallas County, Texas 75201on April 17, 2020 at 10:03 am.

"Further, Affiant sayeth naught."

_____
LAWRENCE RODRIGUEZ, JR.
SCH00001055

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 29th day of
_____, 2020, by Lawrence Rodriguez, Jr.

_____
Notary Public State of Texas

MARIA T. RAMIREZ
My Notary ID # 128526923
Expires February 15, 2023



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**Allstate Fire & Casualty Insurance Co.**
**through agent CT Corporation System**
**1999 Bryan Street, Suite 900**
**Dallas, Texas 75201**

9590 9402 5794 0034 8664 86

2. Article Number *(Transfer from service label)*

7017 3040 0000 0375 9091

*COMPLETE THIS SECTION ON DELIVERY.*

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
Antoinette Williams   APR 1 7 2020

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



USPS TRACKING #

9590 9402 5794 0034 8664 86

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sender: Please print your name, address, and ZIP+4 in this box

**SERVICE PROVIDER**
**2021 SPENWICK #518**
**HOUSTON, TEXAS 77055**

5/8/2020 5:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42860692
By: Deandra Mosley
Filed: 5/8/2020 5:19 PM

## CAUSE NO. 2020-21003

| | | |
|---|---|---|
| **GAUDENCIO TORRES,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendant.* | § | **189TH JUDICIAL DISTRICT** |

### DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Allstate Fire and Casualty Insurance Company ("Defendant"), and files this its Original Answer to Plaintiff's First Amended Petition, and would respectfully show unto the Court the following

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies, each and every, all and singular, the allegations contained within Plaintiff's First Amended Petition and demands strict proof thereon, by a preponderance of the credible evidence, in accordance with the Constitution and laws of the State of Texas.

### II.
### DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Fire and Casualty Insurance Company prays that upon final trial and hearing thereof, Plaintiff recover nothing from

1

8023587v1

Defendant and Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By:   */s/Jay Simon*
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE FIRE AND CASUALTY**
**INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on May 8, 2020, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Lupe Peña
Jason D. Goff
Javier Marcos, Jr.
THE LAW OFFICES OF MARCOS & ASSOCIATES, PC
228 Westheimer Rd.
Houston, TX  77006
e-service_lupe@marcoslaw.com

*/s/Jay Simon*
Jay Scott Simon

2