United States District Court
Southern District of Texas
**ENTERED**
June 10, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GAUDENCIO TORRES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-1720 |
| | § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | § § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER DENYING MOTION TO REMAND**

This is an uninsured motorist action, filed in state court and removed on the basis of diversity citizenship. The plaintiff, Gaudencio Torres, is a Texas citizen; the defendant, Allstate Fire and Casualty Insurance Co., is incorporated and has its principal place of business in Illinois. Torres has moved to remand, asserting a lack of federal diversity jurisdiction. (Docket Entry No. 3). Allstate responded and filed a supplemental response after Torres filed an amended pleading. (Docket Entry Nos. 4, 5, and 6).

The first issue is diversity of citizenship. Torres argues that the "direct action" nature of this lawsuit makes the insurer—Allstate—a resident of Texas under 28 U.S.C. § 1332(c)(1) because Torres, the insured, is a citizen of Texas. Case law precludes this argument. *See, e.g.*, *Garza v. Travelers Cas. Ins. Co. of Am.*, No. 2:19-CV-55, 2019 WL 1789644, at *1 (S.D. Tex. Apr. 24, 2019) ("[T]he direct action provision applies only to cases in which an injured party sues a tortfeasor's insurance company directly [and] does not apply to an insured's action against his own insurance company."). Contrary to Torres's argument, this case is not a direct action lawsuit, which is also precluded by Texas law. *See, e.g.*, *Harris v. Peerless Indem. Ins. Co.*, No.

A–14–CV–1087–LY, 2015 WL 1010527, at *2 (W.D. Tex. Mar. 5, 2015) (Texas law precludes direct actions against third-party liability insurers to which the direct action provision of 28 U.S.C. § 1332(c)(1) could apply).

The second issue is the jurisdictional amount. When Allstate timely removed the case in May 2020, the First Amended Petition—the operative pleading—sought damages "over $100,000.00 but no more than $1,000,000.00." (Docket Entry No. 1-2 at 30). That allegation alone provided federal removal jurisdiction. Torres's post-removal filing of a proposed Second Amended Petition, (Docket Entry No. 5), does not remove that jurisdiction or provide another basis to remand. There is no binding stipulation asserted in the First or Second Amended Petition to accept less than the jurisdictional damage amount.

Federal courts have original jurisdiction over all civil actions between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois,* 533 F.3d 321, 327 (5th Cir. 2008). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000)). Courts must "remain[] vigilant to the potential for manipulation by the plaintiff who prays for damages below the jurisdictional amount even though he knows that his claim is actually worth more." *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1254 n.18 (5th Cir. 1998).

The court "look[s] only at the face of the complaint" to evaluate the amount in controversy. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995). "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." *De Aguilar v. Boeing Co. (De Aguilar I),* 11 F.3d 55, 58 (5th Cir. 1993) (citations omitted). "[I]f a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed . . . ." *De Aguilar v. Boeing Co. (De Aguilar II),* 47 F.3d 1404, 1411 (5th Cir. 1995).

The amount in controversy is determined at the time of removal. *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996). "'Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.'" *De Aguilar II,* 47 F.3d at 1412 (quoting *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992) (per curiam) (referencing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938))).

Torres's First Amended Petition expressly demands more than $75,000. (Docket Entry No. 1-2 at 30). The Second Amended Petition seeks damages of $30,000, but also seeks "all other relief to which Plaintiff deems himself entitled," including "attorney's fees and litigation costs." (Docket Entry No. 5 at ¶¶ 6.1, 6.2). In addition, Torres's Petition reserved the "right to prove the amount of damages at trial," and to "amend his Petition and add additional counts and/or parties as discovery continues." (*Id.* at ¶ 8.1). The absence of any commitment to accept less than the jurisdictional amount, and the presence of the pleadings seeking more than the

3

amount specifically alleged, do not undermine the basis of diversity jurisdiction at the time of removal nor oust the court of the jurisdiction it possessed at that time.

The motion to remand, (Docket Entry No. 3), is denied.

SIGNED on June 10, 2020, at Houston, Texas.

                                                      Lee H. Rosenthal
                                      Chief United States District Judge